1  DAVID F. MCDOWELL (CA SBN 125806)
   DMcDowell@mofo.com
2  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard
3  Los Angeles, California  90017-3543
   Telephone:  213.892.5200
4  Facsimile:   213.892.5454

5  CLAUDIA MARIA VETESI (BAR NO. 233485)
   CVetesi@mofo.com
6  R. BENJAMIN NELSON  (BAR NO. 300274)
   RBNelson@mofo.com
7  MORRISON & FOERSTER LLP
   425 Market Street
8  San Francisco, CA  94105-2482
   Telephone:  415.268.7000
9  Facsimile:   415.268.7522

10 BRIAN L. HAZEN (BAR NO. 309212)
   BHazen@mofo.com
11 MORRISON & FOERSTER LLP
   12531 High Bluff Drive
12 San Diego, California  92130-2040
   Telephone:  858.720.5100
13 Facsimile:   858.720.5125

14 Attorneys for Defendant
   GENERAL MILLS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE M. JACKSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MILLS, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **'18CV2634 LAB BGS**<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT**<br><br>[San Diego County Superior Court Case No. 37-2018-00052079-CU-FR-CTL] |

NOTICE OF REMOVAL TO USDC
Case No. _____

sf-3958268

# NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, as amended by the Class Action Fairness Act of 2005 (CAFA), Defendant General Mills, Inc. ("General Mills"), hereby removes this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California.  The grounds for removal are as follows:

1.      On October 12, 2018, Charlene M. Jackson ("Plaintiff") filed a complaint in the Superior Court of the State of California, County of San Diego, against General Mills, Case No. 37-2018-00052079-CU-FR-CTL (the "Complaint").  Attached hereto as **Exhibit A** is a true and correct copy of the Complaint.

2.      Exhibit A constitutes all the process, pleadings, and orders provided by counsel for Plaintiff to counsel for General Mills, which are hereby incorporated by reference.

3.      On October 17, 2018, the Complaint was served on General Mills' registered agent for service of process.  Accordingly, this Notice of Removal is timely, as it is filed within thirty days of General Mills' receipt of the Complaint. *See* 28 U.S.C. § 1446(b).

## REMOVAL IS PROPER UNDER CAFA[1]

4.      This action is a civil action that may be removed to this Court by General Mills pursuant to the provisions of 28 U.S.C. §§ 1332(d), 1441, and 1453.

5.      The Complaint was filed by Plaintiff on behalf of a putative nationwide class, defined as:

---

[1] This Notice of Removal is based on the allegations in the Complaint, and is filed subject to and with full reservation of rights.  No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

> All U.S. citizens who made retail purchases of Annie's Cereal Products[2] during the applicable limitations period up to and including final judgment in this action.

and on behalf of a California subclass, defined as:

> All California residents who made retail purchases of Annie's Cereal Products during the applicable limitations period up to and including final judgment in this action.

(Compl. ¶¶ 26-27.)

6. The Complaint alleges that General Mills "intentionally incorporated nonfunctional slack fill in its packaging of the [Annie's Cereal] Products," that General Mills' "packaging is per se illegal" and that General Mills' alleged conduct constituted "unlawful and deceptive actions." (Compl. ¶¶ 1, 13.)

7. The Complaint asserts three causes of action: (i) violation of California's Consumer Legal Remedies Act, (ii) violations of California's Unfair Competition Law (unlawful, unfair, and fraudulent practices), and (iii) violations of California's False Advertising Law. The Complaint seeks restitution of the purchase price for all of the class members' purchases of the Annie's Cereal Products, compensatory damages, punitive damages, and an injunction. (Compl. ¶¶ 50, 63, 71, and Prayer for Relief.)

8. CAFA provides that a class action against a non-governmental entity may be removed if (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy, exclusive of interest and costs, exceeds $5,000,000. Each of these requirements is met here.

---

[2] "Annie's Cereal Products" is not a defined term in the Complaint, but Plaintiff alleges that "the following Annie's Products have slack-fill issues": Annie's Cocoa Bunnies, Annie's Cinnabunies, Annie's Berry Bunnies, and Annie's Frosted Oat Flakes. (Compl. ¶ 16.)

9. The Declaration of Lisa Wacek in Support of Notice of Removal ("Wacek Decl.") is being filed concurrently with this Notice of Removal.

**NUMEROSITY**

10. The Annie's Cereal Products have been sold nationwide since product launch in 2016. (Wacek Decl. ¶ 9.)

11. The Complaint alleges that the class consists of "thousands of [U.S. Citizen] consumers" who purchased any of the applicable products over the applicable limitations period and were "damaged by" General Mills' alleged "illegal conduct." (Compl. ¶¶ 23, 26, 27.) Plaintiff alleges that "there are hundreds of thousands of Members in the Class," and that even if subclasses must be created, "each subclass would have thousands of Members." (Compl. ¶ 31.)

12. Based on General Mills' sales data and the Complaint's allegations, the number of proposed class members is not less than 100. (*See* Wacek Decl. ¶¶ 9-10.)

**MATTER IN CONTROVERSY IN EXCESS OF $5,000,000**

13. CAFA provides that, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

14. Where, as here, a complaint does not specify the amount of damages sought, "a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal." *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1197-98 (9th Cir. 2015). No submission of evidence accompanying the removal notice is required. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). If defendant's assertions are challenged, defendant bears the burden of establishing the amount in controversy by a "preponderance of the evidence." *Id.* at 554; *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (sufficient evidence shows "more

likely than not" that jurisdictional minimum is met).  "This burden is not 'daunting' and only requires that the defendant 'provide evidence establishing that it is more likely than not that the amount in controversy exceeds [$5,000,000].'" *Blevins v. Republic Refrigeration, Inc.*, No. CV 15-04019 MMM (MRWx), 2015 WL 12516693, at *6 (C.D. Cal. Sept. 28, 2015) (citations omitted).

15. Plaintiff's request for restitution alone places more than $5,000,000 in controversy.  On behalf of "[a]ll U.S. citizens who made retail purchases" of the Annie's Cereal Products, Plaintiff seeks compensatory damages and/or "full restitution by refunding the monies received" from sales of those products over the past four years, the applicable limitations period.  (Compl. ¶¶ 26, 50.)  *Hunter v. Nature's Way Prods., LLC*, No. 16cv532-WQH-BLM, 2016 WL 4262188, at *11 (S.D. Cal. Aug. 12, 2016) (explaining that the "statute of limitations for actions under FAL or CLRA is three years" and "[t]he statute of limitations for UCL . . . is four years").  Plaintiff does not allege whether she is seeking a full refund of the full purchase price or a price premium—the difference she would have paid but for General Mills' alleged misrepresentations.

16. Based on General Mills' sales data, General Mills has sold more than $30,000,000 worth of the products in question to grocery stores, distributors, and other third parties during the applicable limitations period.  (Wacek Decl. ¶¶ 7-10.)  This sales figure is less than the total retail sales number because retailers sell the Annie's Cereal Products to consumers at a markup.  (*See id*. ¶ 10.)  Thus, even if Plaintiff seeks only a fraction of the retail sales of the Annie's Cereal Products, that amount likely exceeds $5,000,000.

17. Plaintiff's remaining requests for relief substantially increase the amount in controversy.  Plaintiff requests punitive damages and an injunction, the latter of which would presumably include an order requiring General Mills to alter its packaging on all of Annie's Cereal Products.  Such an order would require General Mills to replace or redesign its packaging at substantial cost.  This cost is

properly considered part of the amount in controversy. *See, e.g., Anderson v. Seaworld Parks & Entm't, Inc.*, 132 F. Supp. 3d 1156, 1161 (N.D. Cal. 2015) ("The amount in controversy in class actions requesting an injunction may be determined by the cost of compliance by Defendant.").

18. Finally, Plaintiff seeks attorneys' fees and costs, which add to the amount in controversy where, as here, the underlying statute provides for an attorneys' fee award. *See Alexander v. FedEx Ground Package Sys., Inc.*, No. C-05-0038-MHP, 2005 WL 701601, at *5 (N.D. Cal. Mar. 25, 2005); *see* Cal. Civ. Code § 1780(e) (court must award costs and attorneys' fees to prevailing plaintiff in CLRA case).

19. Accordingly, based on the Complaint's allegations and General Mills' sales data, the $5,000,000 amount in controversy requirement is satisfied here, exclusive of interest and costs.

**MINIMAL DIVERSITY OF CITIZENSHIP**

20. As alleged in the Complaint, Plaintiff resides in the State of California. (Compl. ¶ 7.) General Mills is informed and believes that Plaintiff is a California resident.

21. General Mills is a Delaware corporation and has its principal place of business in Minnesota. (Wacek Decl. ¶ 11.) Thus, General Mills is a citizen of Delaware and Minnesota. *See City of Vista v. Gen. Reinsurance Corp.*, 295 F. Supp. 3d 1119, 1123-24 (S.D. Cal. 2018) (for purposes of diversity jurisdiction, a corporation "is a citizen of the state in which it was incorporated and the state in which its principal place of business is located" (citing 28 U.S.C. 1332(c))).

22. Accordingly, the "minimal diversity" requirement under CAFA—that "any member of a class of plaintiffs is a citizen of a State different from any defendant"—is satisfied for purposes of removal of this action. 28 U.S.C. § 1332(d)(2)(A).

23.     This action does not fall within any of the exclusions in 28 U.S.C. § 1332(d)(4) because General Mills is not a citizen of the forum state of California.[3]

24.     This action does not fall within any exclusion in 28 U.S.C. §§ 1332(d)(9) and 1453(d) because it does not involve certain securities or corporate governance issues; it involves only causes of action arising under California common law and consumer protection statutes.[4]

25.     For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332(d), 1441, and 1453.

**NOTICE TO STATE COURT AND PLAINTIFF**

26.     Counsel for General Mills certifies, pursuant to 28 U.S.C. § 1446(d), that it will promptly give notice of filing of this Notice of Removal to Plaintiff through Plaintiff's counsel of record and will promptly file with the Clerk of the Superior Court of the State of California, County of San Diego, a copy of this Notice of Removal.

---

[3] Section 1332(d)(4) requires a federal court to decline jurisdiction over a class action when, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed," and at least one defendant whose "alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class ... is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed").

[4] *See* 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id.* § 1453(d) (same).

| | | |
|---|---|---|
| 1 | Dated: November 16, 2018 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: /s/ *David F. McDowell* |
| 4 | | DAVID F. MCDOWELL |
| | | DMcDowell@mofo.com |
| 5 | | Attorneys for Defendant |
| 6 | | GENERAL MILLS, INC. |

7

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 707 Wilshire Boulevard, Los Angeles, California 90017-3543. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on November 16, 2018, I served a copy of:

**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT**

☒ **BY PERSONAL SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and delivery at the mailroom of Morrison & Foerster LLP, causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth below.

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
ron@consumeradvocates.com
MICHAEL T. HOUCHIN
mike@consumeradvocates.com
651 Arroyo Drive
San Diego, CA  92013
Telephone:  (619) 696-9006
Facsimile:  (619) 564-6665

**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
SCOTT J. FERRELL
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Telephone:  (949) 706-6464
Facsimile:  (949) 706-6469

*Attorneys for Plaintiff and the Proposed Class*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 16, 2018, at San Francisco, California.

/s/ *David F. McDowell*
DMcDowell@mofo.com

sf-3958268