**LAW OFFICES OF  RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
***Attorneys for Plaintiff and the Proposed Class***

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE M. JACKSON, individually, on behalf of all others similarly situated, and the general public, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL MILLS, INC., a Delaware corporation, <br><br> Defendant. | Case No. 3:18-cv-2634-LAB-BGS <br><br> **CLASS ACTION** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** <br><br> Date:  February 11, 2019 <br> Time:  11:15 a.m. <br> Ctrm:  14A <br> Judge:  Hon. Larry Alan Burns |

-1-

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................... 1

II.   FACTUAL BACKGROUND ...................................................... 2

III.  LEGAL STANDARD .............................................................. 3

IV.   ARGUMENT ........................................................................ 4

    A. Plaintiff's Claims are Not Preempted ...................................... 4

    B. Whether a Reasonable Consumer is Likely to Be Deceived is Not
       Appropriate for Determination on a Motion to Dismiss ........................... 6

         i.   *Plaintiff Relied on Defendant's Misleading Packaging* ............. 7

         ii.  *Nonfunctional Slack-Fill is Misleading Even if the
            Packaging Discloses the Quantity of the Product* ..................... 8

         iii. *Plaintiff Sufficiently Alleges that the Slack-Fill is
            Nonfunctional* ............................................................ 11

    C. Plaintiff Satisfies the Pleading Requirements of Rule 9(b) .................... 13

    D. Plaintiff States a Claim Under the UCL "Unlawful" Prong ................... 14

    E. Plaintiff Has Standing to Assert Claims for Each of the Products
       because the Products Are Substantially Similar ..................................... 14

    F. Plaintiff Has Standing to Seek Injunctive Relief .................................... 17

    G. This Court Has Specific Personal Jurisdiction Over the Defendant
       and the Nationwide Class ............................................................. 19

V.    CONCLUSION ..................................................................... 20

-i-

# **TABLE OF AUTHORITIES**

**Cases**

*Allen v. Similasan Corp.*,
  2013 WL 2120825 (S.D. Cal. May 14, 2013) .....................................................16

*Allred v. Kellogg Co.*,
  2018 WL 1158885 (S.D. Cal. Feb. 23, 2018) .....................................................18

*Anderson v. Jamba Juice Co.*,
  888 F. Supp. 2d 1000 (N.D. Cal. 2012)..............................................................15

*Andriesian v. Cosmetic Dermatology, Inc.*,
  2015 WL 1638729 (D. Or. Mar. 3, 2015) ............................................................6

*Arthur v. United Indus. Corp.*,
  2018 WL 1472500 (C.D. Cal. Mar. 23, 2018) ......................................................7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................................3

*Branca v. Nordstrom. Inc.*,
  2015 WL 10436858 (S.D. Cal. Oct. 9, 2015).....................................................15

*Brenner v. Procter & Gamble Co.*,
  2016 WL 8192946 (C.D. Cal. Oct. 20, 2016) ......................................................7

*Bristol-Myers Squibb Co. v. Superior Court*,
  137 S. Ct. 1773 (2017)........................................................................................19

*Brown v. Hain Celestial Grp.*,
  913 F. Supp. 2d 881 (N.D. Cal. 2012)................................................................16

*Bruno v. Quten Research Inst., LLC*,
  280 F.R.D. 524 (C.D. Cal. 2011).......................................................................15

*Burton v. Time Warner Cable Inc.*,
  2013 WL 3337784 (C.D. Cal. Mar. 20, 2013) ......................................................4

-ii-

*Bush v. Mondelez Int'l, Inc.*,
  2016 WL 5886886 (N.D. Cal. Oct. 7, 2016) ..................................................10

*Cabral v. Supple. LLC*,
  2012 WL 4343867 (CD. Cal. Sept. 19, 2012) ...............................................18

*Cardenas v. NBTY, Inc.*,
  870 F. Supp. 2d 984 (E.D. Cal. 2012) ...........................................................15

*Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prods., Inc.*,
  2018 WL 1377608 (E. D. La. Mar. 19, 2018) ...............................................20

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999) ..........................................................................12, 14

*Clancy v. The Bromley Tea Co.*,
  308 F.R.D. 564 (N.D. Cal. 2013) .....................................................................4

*Conley v. Gibson*,
  355 U.S. 41 (1957) ...........................................................................................3

*Davidson v. Kimberly-Clark Corporation*,
   873 F.3d 1103 (9th Cir. 2017) ......................................................................17

*Davis v. HSBC Bank Nevada, N.A.*,
  691 F.3d 1152 (9th Cir. 2012) ..........................................................................6

*Davison v. Santa Barbara High School District*,
  48 F.Supp.2d 1225 (C.D. Cal. 1998) ...............................................................4

*Dean v. Colgate-Palmolive Co*
   2015 WL 3999313 (CD. Cal. June 17, 2015)................................................18

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) .............................................................................9

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ......................................................................20

*Escobar v. Just Born, Inc.*,
  2017 WL 5125740 (C.D. Cal. June 12, 2017)...........................................*passim*

-iii-

*Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*,
  2017 WL 4224723 (N.D. Cal. Sept. 22, 2017)....................................19

*Hall v. Diamond Foods, Inc.*,
  2014 WL 5364122 (N.D. Cal. Oct. 21, 2014) .......................................7

*Hawkins v. Nestle U.S.A. Inc.*,
  2018 WL 926130 (E.D. Mo. Feb. 16, 2018) ......................................7, 8

*Hawkins v. UGI Corporation*,
   2016 WL 2595990 (C.D. Cal. May 4, 2016).........................................9

*Henderson v. Gruma Corp.*,
  2011 WL 1362188 (CD. Cal. Apr. 11, 2011)..................................17, 18

*Henderson v. J.M. Smucker Co.*,
  2011 WL 1050637 (C.D. Cal. Mar. 17, 2011) .....................................6

*Hendricks v. StarKist Co.*,
  30 F. Supp. 3d 917 (N.D. Cal. 2014)..............................................4, 16

*Hu v. Iovate Health Scis. U.S.A.*, Inc.,
  2018 WL 4954105 (S.D. NY Oct. 2, 2018)........................................10

*Hunt v. Sunny Delight Beverages Co.*,
  2018 WL 4057812 (C.D. Cal. Aug. 23, 2018) .....................................7

*In re Farm Raised Salmon Cases*,
   42 Cal. 4th 1077 (2008)...............................................................4

*In re Morning Song Bird Food Litig.*,
  2018 WL 1382746 (S.D. Cal. Mar. 19, 2018)....................................19

*Ivie v. Kraft Foods Glob., Inc.*,
  2013 WL 685372 (N.D. Cal. Feb. 25, 2013)........................................5

*Jones v. Bock*,
  549 U.S. 199 (2007) ..................................................................12

*Kline v. Iovate Health Scis. U.S.A., Inc.*,
  2017 WL 1135580 (S.D. Cal. Mar. 27, 2017)....................................12

-iv-

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ...................................................................... 3

*Koehler v. Litehouse. Inc.*,
   2012 WL 6217635 (N.D. Cal. Dec. 13, 2012) .................................................. 18

*Koh v. S.C. Johnson & Son, Inc.*,
   2010 WL 94265 (N.D. Cal. Jan. 6, 2010) ........................................................ 16

*Larsen v. Trader Joe's Co.*,
   2012 WL 5458396 (N.D. Cal. June 14, 2012) .................................................. 18

*Lilly v. ConAgra Foods, Inc.*,
   743 F.3d 662 (9th Cir. 2014) ........................................................................... 6

*Lopez v. Nissan N. Am., Inc.*,
   201 Cal. App. 4th 572 (2011) ......................................................................... 12

*Macaspac v. Henkel Corporation*,
   2018 WL 2539595 (S.D. Cal. June 4, 2018) .................................................... 10

*Martin v. Monsanto Co.*,
   2017 WL 659014 (C.D. Cal. 2017) ................................................................... 6

*Martinez-Leander v. Wellnx Life Scis., Inc.*,
   2017 WL 2616918 (C.D. Cal. 2017) ................................................................ 11

*McMillan v. Lowe's Home Centers, LLC*,
   2016 WL 2346941 (E.D. Cal. May 4, 2016) ................................................ 5, 12

*Miller v. Ghirardelli Chocolate Co.*,
   912 F. Supp. 2d 861 (N.D. Cal. 2012) ............................................................ 15

*Mollicone v. Universal Handicraft, Inc.*,
   2017 WL 440257 (C.D. Cal. Jan. 30, 2017) ......................................... 13, 16, 18

*Moralez v. Kern Sch. Fed. Credit Union*,
   2016 WL 2756427 (E.D. Cal. May 12, 2016) .................................................. 12

*Ries v. Arizona Beverages USA LLC*,
   287 F.R.D. 523 (N.D. Cal. 2012) ................................................................... 18

-v-

*Jackson v. General Mills*, Case No. 3:18-cv-2634-LAB-BGS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

*Sagan v. Apple Computer, Inc.*,

   874 F. Supp. 1072 (C.D. Cal. 1994) ................................................................4

*Samet v. Procter & Gamble Co.*,

   2013 WL 3124647 (N.D. Cal. June 18, 2013) .......................................4

*Scheuer v. Rhodes*,

   416 U.S. 232 (1974) ........................................................................................3

*Starr v. Baca*,

   652 F.3d 1202 (9th Cir.2011) ....................................................................4

*Thompson v. Transamerica Life Ins. Co.*,

   2018 WL 6790561 (C.D. Cal. Dec. 26, 2018)......................................19

*Vess v. Ciba-Geigy Corp. USA*,

   317 F.3d 1097 (9th Cir. 2003) ...................................................................13

*Weisheit v. Rosenberg & Assocs., LLC*,

   2018 WL 1942196 (D. Md. Apr. 25, 2018)..........................................20

*White v. Just Born, Inc.*,

   2017 WL 3130333 (W.D. Mo. July 21, 2017) .............................6, 13

*Williams v. Gerber Products Co.*,

   552 F.3d 934 (9th Cir. 2008) ......................................................................6

**Statutes**

Cal. Bus. & Prof. Code § 12606.2 ...............................................1, 5, 14

Cal. Bus. & Prof. Code § 12606.2(e) ..........................................................5

Cal. Bus. & Prof. Code §§ 17200, *et seq.*........................................2

Cal. Bus. & Prof. Code §§ 17500, *et seq.*........................................2

Cal. Civ. Code §§ 1750, *et seq.* ..................................................................2

**Rules**

Fed. R. Civ. P. 8.................................................................................................3

Fed. R. Civ. P. 8(e) ...........................................................................................4

Fed. R. Civ. P. 9(b)..........................................................................................13

Fed. R. Civ. P. 12(b) .........................................................................................3

Fed. R. Civ. P. 12(b)(6) .....................................................................................3

**Regulations**

21 C.F.R. § 100.100(a) .......................................................................................5

*Jackson v. General Mills*, Case No. 3:18-cv-2634-LAB-BGS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Plaintiff Charlene Murphy Jackson ("Plaintiff") respectfully submits this Memorandum of Points and Authorities in Support of her Opposition to the Motion to Dismiss Plaintiff's First Amended Complaint that was filed by Defendant General Mills, Inc. ("Defendant" or "General Mills") on December 26, 2018. (ECF No. 21).

## I.    <u>INTRODUCTION</u>

This is a consumer protection class action concerning General Mills' Annie's Homegrown Brand cereal products (the "Products" or "Annie's Cereal Products") that mislead consumers about the quantity of the Product contained in the packages. (*See generally* First Amended Complaint ("FAC"), ECF No. 18). Plaintiff alleges that packages for the General Mills Products contain "approximately 30%-50% empty space" and "there are no functional bases for the slack-fill." (FAC ¶ 1, 11). However, the Products are sold in non-transparent containers, which do not allow consumers to view the interior contents. (FAC ¶ 21, 24). Therefore, "Class Members did not know, and had no reason to know, that the Products illegally contained non-functional slack-fill." (FAC ¶ 27). And, "[a]s a result of Defendant's illegal packaging, thousands of consumers purchased the Products and have been damaged by Defendant's illegal conduct." (FAC ¶ 30).

The non-functional slack-fill in the packaging of the Annie's Cereal Products violates the California Fair Packaging and Labeling Act, Cal. Bus. & Prof. Code § 12606.2 ("CFPLA"). In its Motion to Dismiss Plaintiff's FAC ("Def.'s Mem."), General Mills offers several grounds for dismissal of this action, none of which this Court should find persuasive. For example, in *Escobar v. Just Born Inc.*, No. CV1701826BROPJWX, 2017 WL 5125740 (C.D. Cal. June 12, 2017), the defendant there made many of the same arguments that General Mills advances here. The *Escobar* court denied the defendants' motion to dismiss and held that "the fact that the Products' packaging accurately indicated that a consumer would receive 141 grams or 5 ounces of candy does not, on its own, indicate to a reasonable consumer that the Products' box may not be full of candy and that, instead, 35.7% of the box

-1-

is empty." *Id*. at *9. Likewise, the fact that the packaging of the Annie's Cereal Products indicates the net weight of the cereal does not, on its own, indicate to a reasonable consumer that the packaging may not be full of cereal and that, instead, the boxes are substantially empty. For the reasons set forth below, Defendant's Motion to Dismiss should be denied.

## II.    FACTUAL BACKGROUND

This case was filed on October 12, 2018 in the Superior Court of the state of California, County of San Diego. Defendant General Mills filed a Notice of Removal with the United States District Court for the Southern District of California on November 16, 2018. (ECF No. 1). Then on November 21, 2018, Defendant filed a Motion to Dismiss Plaintiff's Complaint and a Motion to Strike Class Allegations. (ECF No. 8). Plaintiff filed the operative First Amended Complaint ("FAC") on December 12, 2018. (ECF No. 18). Plaintiff alleges that the packaging for Defendant General Mills' Annie's Cereal Products contain approximately 30%-50% empty space, or slack-fill. (FAC ¶ 1). Plaintiff alleges that the Products' containers, which do not allow consumers to fully view the interior contents, contain non-functional slack-fill, and are per-se illegal. (FAC ¶ 24).

Plaintiff purchased a package of the "Annie's Frosted Oat Flakes Cereal Product" in 2016 from "the Target store located on 2901 Ming Avenue in Bakersville, California." (FAC ¶ 3). "Plaintiff was surprised when she opened the item and saw that the package had **more than 50% empty space**, or slack-fill." (FAC ¶ 3). Plaintiff alleges Defendant has violated the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* ("FAL"), and the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"). (*See generally* FAC). Plaintiff seeks to represent a nationwide class defined as "[a]ll U.S. citizens who made retail purchases of Annie's Cereal Products during the applicable limitations period up to and including final judgment in this action" and a California sub-class of "[a]ll California

residents who made retail purchases of Annie's Cereal Products during the applicable limitations period up to and including final judgment in this action." (FAC ¶ 33).

### III.   <u>LEGAL STANDARD</u>

A pleading that sets forth a claim for relief "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8; *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding that the purpose of pleading a "short and plain statement of the claim" is merely to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Indeed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Federal Rule of Civil Procedure 12(b) states that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). However, Rule 12(b) does provide seven defenses that a party may assert….by motion." *See* Fed. R. Civ. P. 12(b). Among the available defenses under Rule 12(b) is a defense "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court accepts "allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Thus, to survive a motion to dismiss, a plaintiff is required to allege only "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). "The Ninth Circuit has clarified that (1) a complaint must 'contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively,' and (2) 'the factual allegations that are taken as true must plausibly suggest an

entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.'" *Burton v. Time Warner Cable Inc.*, No. CV 12-06764 JGB AJWX, 2013 WL 3337784, at *2 (C.D. Cal. Mar. 20, 2013) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). The liberal pleading standard applied by federal courts comports with Rule 8(e), which says "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e); *C.f. Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted."); *Davison v. Santa Barbara High School District*, 48 F.Supp.2d 1225, 1228 (C.D. Cal. 1998) ("If the moving party could obtain the missing detail through discovery, the motion should be denied.").

## IV.   ARGUMENT

### A. Plaintiff's Claims are Not Preempted

Defendant first argues that Plaintiff's claims are preempted. (Def.'s Mem. at 6-8). "When Congress passed the FDCA and its subsequent amendments creating national uniform nutrition labeling, it expressly preempted state law that was inconsistent with its requirements." *Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 573 (N.D. Cal. 2013). "However, it did not attempt to completely preempt state laws regarding the marketing of food products. To the contrary, Congress specifically anticipated states enacting their own identical laws." *Id.* (citing *In re Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1090 (2008)). California complied with this requirement and passed the CFPLA, which does not impose stricter requirements than the FDCA regulations concerning slack fill. *See, e.g., Hendricks v. StarKist Co.*, 30 F. Supp. 3d 917, 928 (N.D. Cal. 2014) ("the claims here do not seek to establish or rest upon a fill standard that differs from the standard established under the FDCA and there is no express preemption."); *Samet v. Procter & Gamble Co.*, No. 5:12-CV-01891 PSG, 2013 WL 3124647, at *6 (N.D. Cal. June 18, 2013) (slack fill packaging claims not preempted where plaintiff alleged that products did not comply

with FDCA requirements); *Ivie v. Kraft Foods Glob., Inc.*, No. C-12-02554-RMW, 2013 WL 685372, at *11 (N.D. Cal. Feb. 25, 2013) ("Because plaintiff does not ask the court to require anything different than the FDA requirements…the claims relying on unlawful slack fill packaging are not preempted.").

Here, Plaintiff alleges that the packaging of the Annie's Cereal Products violates the CFPLA, which is nearly identical to the federal regulations concerning non-functional slack fill. *Compare* Cal. Bus. & Prof. Code § 12606.2 *with* 21 C.F.R. § 100.100(a). Moreover, "Defendant offers no precedent to support its contention that Plaintiff must allege knowledge/awareness of the FDA slack-fill regulation at the time of sale in order to plead her state law deception claims premised upon that sale" and "courts in this Circuit have routinely recognized slack-fill claims premised upon the FDA slack-fill regulations, as adopted by California." *Escobar*, 2017 WL 5125740, at *11 (collecting authority). Indeed, the CFPLA expressly provides that it "shall be interpreted consistent" with federal law. *See* Cal. Bus. & Prof. Code § 12606.2(e).

Defendant's reliance on *Benson v. Fannie May Confections Brands, Inc.*, No. 17 C 3519, 2018 WL 1087639, at *1 (N.D. Ill. Feb. 28, 2018) is misplaced.   In *Benson*, the court held that the plaintiff's claims were preempted because the plaintiff only alleged "barebones allegations" as to why the six exceptions to the slack fill regulations did not apply in that case. *Id.* at *4.  On the other hand, courts in California have determined that whether or not the six safe harbor provisions to the CFPLA apply is an affirmative defense that the defendant bears the burden of proving. *See McMillan v. Lowe's Home Centers, LLC*, No. 115CV00695DADSMS, 2016 WL 2346941, at *6 (E.D. Cal. May 4, 2016) (Plaintiff is "not required to expressly plead in the complaint that the safe harbor doctrine does not apply.") (collecting authority). Nonetheless, Plaintiff's FAC does allege in detail why the six safe harbor provisions do not apply. (FAC ¶¶ 11-20). Therefore, this case is more akin to *White v. Just Born, Inc.* where the plaintiff alleged that "the boxes have

'substantial, non-functional slack-fill' that 'cannot be justified'" and provided allegations as to why. No. 2:17-CV-04025-C-NKL, 2017 WL 3130333, at *7 (W.D. Mo. July 21, 2017); *see also Escobar*, 2017 WL 5125740, at *12 ("Plaintiff proceeds to elaborate, with particularity, upon her allegation that the slack-fill serves no functional or lawful purpose."). Accordingly, Plaintiff's state law claims based on the CFPLA are not preempted.

## B. Whether a Reasonable Consumer is Likely to Be Deceived is Not Appropriate for Determination on a Motion to Dismiss

Defendant next argues that reasonable consumers would not be deceived. (Def.'s Mem. at 8-11). This argument fails because whether or not a reasonable consumer would be misled or deceived is "a question of fact not appropriate for decision on [a motion to dismiss]." *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *Davis, N.A.*, 691 F.3d at 1162; *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1062 (9th Cir. 2012); *Lilly v. ConAgra Foods, Inc.*, 743 F.3d 662, 665 (9th Cir. 2014); s*ee, e.g., Henderson v. J.M. Smucker Co.*, No. CV-10-4524-GHK-VBK, 2011 WL 1050637, at *4 (C.D. Cal. Mar. 17, 2011) (rejecting argument "that since partially hydrogenated vegetable oil, which contains trans fat, is disclosed as one of the ingredients in its products, no reasonable consumer could be misled" and noting that "[a]lthough this factor may be relevant in the fact-intensive reasonable consumer analysis, *Williams* instructs that such reasoning cannot be the basis for granting a motion to dismiss"); *see also Martin v. Monsanto Co.*, No. ED CV 16-2168-JFW (SPx), 2017 WL 659014, at *5 (C.D. Cal. 2017) (denying Defendant's motion to dismiss and holding that whether labels are likely to deceive a reasonable consumer is more appropriately resolved on a motion for summary judgment or motion for class certification); *Andriesian v. Cosmetic Dermatology, Inc.*, No. 14–CV–01600–ST, 2015 WL 1638729, at *5 (D. Or. Mar. 3, 2015), report and recommendation adopted, No. 3:14–CV–01600–ST, 2015 WL 1925944 (D. Or. Apr. 28, 2015) (rejecting argument "that a reasonable consumer

could not be misled because the allegedly oil-based ingredients were plainly listed on the product's label."); *Brenner v. Procter & Gamble Co.*, No. SACV-16-1093-JLS (JCG), 2016 WL 8192946, at *5 (C.D. Cal. Oct. 20, 2016) (citing *Williams*, 552 F.3d at 938) ("The Ninth Circuit has instructed that the reasonable consumer standard is usually a factual inquiry rarely suitable for resolution as a matter of law based on the pleadings."); *Hall v. Diamond Foods, Inc.*, No. C-14-2148 MMC, 2014 WL 5364122, at *4 (N.D. Cal. Oct. 21, 2014) ("Accordingly, the claims based on Reduced Fat Sea Salt Chips are not subject to dismissal for failure to allege sufficient facts to satisfy the reasonable consumer test."); *Arthur v. United Indus. Corp.*, No. 217CV06983CASSKX, 2018 WL 1472500, at *5 (C.D. Cal. Mar. 23, 2018).

Notwithstanding, Plaintiff's FAC alleges that reasonable consumers expect that the amount of cereal be commensurate with the size of the box. (*See* FAC ¶ 13). However, the interior of the Products contain 30%-50% empty space, or non-functional slack-fill. (*See* FAC ¶ 22). This fact was and continues to be concealed from consumers because the Products "are, and at all relevant times were, sold in non-transparent containers." (FAC ¶ 21). Therefore, "Class Members did not know, and had no reason to know, that the Products illegally contained non-functional slack-fill." (FAC ¶ 28, 27). The FAC alleges "Plaintiff and Class Members expected to receive more Product than was actually being sold." (FAC ¶ 24). In this context, it is easy to see how a reasonable consumer would be deceived and not know that the Products contained non-functional slack-fill. Therefore, Defendant's Motion to Dismiss should be denied.

### i.   *Plaintiff Relied on Defendant's Misleading Packaging*

Defendant argues that "a consumer need only hold a box of the Annie's Products and feel its contents shifting to conclude that it contains some empty space." (Def's Mem. ¶ 11:15-17). This same argument was rejected in *Hawkins v. Nestle U.S.A. Inc.*, No. 4:17CV205 HEA, 2018 WL 926130, at *5 (E.D. Mo. Feb. 16, 2018). In *Hawkins*, the defendant similarly argued "that a reasonable consumer,

-7-

*Jackson v. General Mills*, Case No. 3:18-cv-2634-LAB-BGS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

upon picking up the Raisonets' container, would instantly realize that it is not filled to the brim: with each movement of the package, its contents noticeably and audibly 'maraca-like rattle.'" *Id.* The *Hawkins* court rejected this argument holding that "[n]o such allegations are in [the] complaint, which is the pleading that controls for purposes of Defendant's motion to dismiss." *Id.* Plaintiff's complaint likewise does not contain any allegations that consumers would be able to discover the slack fill packaging. Instead, the Products are alleged to be packaged in "non-transparent containers" which block consumers from seeing the Products' interior. (FAC ¶ 21). Therefore, "Class Members did not know, and had no reason to know, that the Products illegally contained non-functional slack-fill." (FAC ¶ 28, 27). "Furthermore, the fact that a consumer may be able to hear 'the familiar rustling sound created by the empty space and feel the [Annie's Products] moving from side to side within the [container]' does not mean that the packaging did not deceive the consumer into purchasing the item." *Escobar*, 2017 WL 5125740 at *10. Therefore, Plaintiff's complaint adequately pleads consumer deception.

### ii.     Nonfunctional Slack-Fill is Misleading Even if the Packaging Discloses the Quantity of the Product

Defendant contends that "[a] court must dismiss claims under the CLRA, FAL, and UCL when product packaging accurately discloses the quantity of the product inside." (Def's Mem. at 11:25-27). Here, however, consumer deception exists irrespective of the information on the Product label because the Products have non-transparent packaging through which a consumer cannot evaluate the amount of product or the amount of slack fill. This same argument was rejected by the court in *Escobar*, 2017 WL 5125740, at *9 ("the fact that the Products' packaging accurately indicated that a consumer would receive 141 grams or 5 ounces of candy does not, on its own, indicate to a reasonable consumer that the Products' box may not be full of candy and that, instead, 35.7% of the box is empty. Rather, a reasonable

consumer may believe that 141 grams or five ounces of candy is equivalent to an amount approximately the size of the Products' box.").

Defendant cites to the Ninth Circuit's opinion in *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965-67 (9th Cir. 2016) in support of dismissal. In *Ebner*, however, the Ninth Circuit addressed claims that a lip product's (i.e., a lip balm or lipstick) advertising and packaging were false or misleading. *Id*. at 962. The plaintiff alleged that the lip balm's packaging was misleading because: (1) the total weight as displayed on the product included a portion of the lip product that was not easily accessible because it did not advance past the top of the product's tube; and, (2) the product's oversized tubes and boxes gave her the impression "that each unit ha[d] a larger quantity of lip product than it actually contain[ed]." *Id*. The district court dismissed the plaintiff's claims and the Ninth Circuit affirmed. The Ninth Circuit explained that it was "undisputed that the [product's] label disclose[d] the correct weight of included lip product," and that "[d]ispenser tubes that use a screw mechanism to push up a solid bullet of lip product are commonplace in the market." *Id*. at 965. The court held that the product's packaging was not misleading because nothing on the product's packaging indicated that the portion of the lip product that did not advance past the end of the tube would be accessible. *Id.* at 966.

*Ebner* is distinguishable in this respect because "the court found that the reasonable consumer understands that any lip product contains a mechanical stop device and, therefore, the weight contained on the package that included the weight of the device was not misleading." *Escobar*, 2017 WL 5125740, at *10 (citing *Ebner*, 838 F.3d at 965-67).[1] This Court should instead follow the holding in *Escobar* and determine that it "cannot find as a matter of law that a reasonable

---

[1] Defendant also cites to *Hawkins v. UGI Corporation*, No. CV 14-08461 DDP (JCx), 2016 WL 2595990, at *3 (C.D. Cal. May 4, 2016) to support its position. However, *Hawkins* is similarly inapposite as it deals with a consumer's ability to extract every bit of a product from its packaging.

consumer of [Annie's Cereal Products] understands that the weight displayed on the Products' packaging will measure a significantly smaller amount of Products held within a larger outer packaging." *Escobar*, 2017 WL 5125740, at *10.

The *Macaspac v. Henkel Corporation* case cited by Defendant is similarly inapposite. Def.'s Mem. at 12. In *Macaspac*, the bottle at issue contained a transparent band along the lower part of the bottle's exterior, and each bottle's bottom was fully transparent. *Macaspac v. Henkel Corporation*, No.: 3:17-cv-01755-H-BLM, 2018 WL 2539595, at *3 (S.D. Cal. June 4, 2018). Accordingly, the court held that reasonable consumers could not be misled because the bottles at issue "allowed consumers to see that the bottles contained slack fill." *Id*. Here, however, Plaintiff alleges that the Product packaging is non-transparent, impeding consumers' ability to view the contents inside. (FAC ¶ 21, 24). Indeed, the Product images provided in Plaintiff's FAC (FAC ¶¶ 22-23) and in Defendant's Motion (Def's Mem. at 4-5) evidence the non-transparency of the Products' packaging. These facts differ markedly from the facts in this case, rendering *Macaspac* distinguishable from the present case.

The next case cited by Defendant is similarly misplaced. The facts in *Hu v. Iovate Health Scis. U.S.A.*, Inc., No. 1:17-cv-9427-ER, 2018 WL 4954105 (S.D. NY Oct. 2, 2018) differ markedly from the facts in this case because the Plaintiff's theory of liability in *Hu* was that because one product contained less protein powder than another product manufactured by the defendant, the product contained non-functional slack-fill. *Id*, at *1. The court explained that because each package disclosed the actual amount of product, reasonable consumers would not be deceived into believing that both products contained the same amount of product. *See id*. at *1-2. These facts are entirely different from the facts in this case, rendering the holding in *Hu* inappropriate here.

Lastly, this case is distinguishable from *Bush v. Mondelez Int'l, Inc.*, No. 16-cv-2460-RS, 2016 WL 5886886, at *1, *3 (N.D. Cal. Oct. 7, 2016), *Martinez-*

-10-

*Jackson v. General Mills*, Case No. 3:18-cv-2634-LAB-BGS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

*Leander v. Wellnx Life Scis., Inc.*, No. 16-08220 SJO (Ex), 2017 WL 2616918, at *8 (C.D. Cal. 2017), and *Reider v. Immaculate Baking Co.* No. 8:18-cv-1085-JLS-AS, ECF No. 21, at 4 n.3 (C.D. Cal. Nov. 8, 2018) that Defendant relies upon. (Def.'s Mem. at 12). In *Bush*, "the product's packaging indicated the *number* of cookies the package contained, giving the consumer a reasonable expectation of the product's contents beyond just the weight." *Escobar*, 2017 WL 5125740, at *9 (citing *Bush*, 2016 WL 7324990, at *2). In *Martinez-Leander*, the Defendant "listed the *exact number* of pills each bottle contain[ed] on the labels of both the external box and the pill container." *Martinez*, at *8 (emphasis added). And in *Reider*, the packaging "list[ed] the *number* of certain size cakes that can be made from one box of mix," so consumers could not expect to make more cake than illustrated. *Reider*, at *4. Unlike the cases Defendant relies upon, Defendant here has not (and cannot) provide consumers with the *number* of cereal flakes in each Annie's cereal box. "Here, the allegedly deceptive packaging includes the Products net weight, and a serving size approximation[,]" but it "gives no additional indication of the amount of Product contained in the package." *Escobar*, 2017 WL 5125740, at *9. As a result, reasonable consumers are unable to determine the amount of cereal inside. Therefore, this Court should find *Escobar* persuasive and deny Defendant's Motion to Dismiss.

### iii. Plaintiff Sufficiently Alleges that the Slack-Fill is Nonfunctional

The CFPLA provides that empty space in a food product is not misleading if one of six enumerated safe harbor exceptions apply. *See* Cal. Bus. & Prof. Code § 12606.2(c). Defendant argues, "[t]o demonstrate the Products' packaging is deceptive under the CFPLA, Plaintiff must show that the slack-fill is 'non-functional' under that state statute." (Def.'s Mem. 14). However, whether or not the safe harbor provisions to the CFPLA apply is an affirmative defense that Defendant bears the burden of proving. Thus, Plaintiff is "not required to expressly plead in the complaint that the safe harbor doctrine does not apply." *McMillan*, 2016 WL

2346941, at *6 (declining to dismiss a claim under the CFPLA) (citing *Jones v. Bock*, 549 U.S. 199, 211–12 (2007) (holding a plaintiff is not required to plead the absence of an affirmative defense in the complaint); *see also Kline v. Iovate Health Scis. U.S.A., Inc.*, No. 3:15-CV-02387, 2017 WL 1135580, at *3 (S.D. Cal. Mar. 27, 2017) ("Defendant has not established it is entitled to one or more safe harbors contained in either C.F.R. § 100.100 or Cal. Bus. & Prof. Code § 12606."); *Moralez v. Kern Sch. Fed. Credit Union*, No. 1:15-CV-01444-DAD, 2016 WL 2756427, at *2 (E.D. Cal. May 12, 2016) ("The safe harbor doctrine is treated as an affirmative defense to a UCL claim."). Thus, whether or not any "safe harbor" defenses apply is an issue that is better suited for summary judgment. *See McMillan*, 2016 WL 2346941, at *6; *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 183 (1999); *Lopez v. Nissan N. Am.*, *Inc.*, 201 Cal. App. 4th 572, 591 (2011) (resolving the issue on summary judgment).

Nevertheless, Plaintiff's FAC sufficiently alleges that the slack-fill is non-functional. Plaintiff's FAC alleges that "there are no functional bases for the slack-fill in Defendant's Products" and "[i]n fact, it is hard to imagine what the functional purpose of 50% (or more) empty space in the packaging … would be." (FAC ¶ 11). Plaintiff alleges, "it is unrealistic and unbelievable that a product would settle down to 30%-50% slack-fill." (FAC ¶ 12). Additionally, "[t]he slack-fill contained in the Product does not protect the contents of the packages" and "[i]n fact, the greater the slack-fill, the more room the contents have to bounce around during shipping and handling, and the more likely the contents are to break and sustain damage. If, on the other hand, the amount of cereal product contained in each box were commensurate with the size of the box as consumers expect, then the cereal product would have less room to move around during shipping and handling, and would be less likely to sustain damage." (FAC ¶ 13). These allegations of non-functionality are sufficient at the pleadings stage. *See Escobar*, 2017 WL 5125740, at *12 ("Plaintiff proceeds to elaborate, with particularity, upon her allegation that the

slack-fill serves no functional or lawful purpose…Plaintiff claims that the slack fill does not protect the contents of the package; rather the additional slack-fill allegedly makes the contents more susceptible to breakage and damage because the candies have more room to bounce around and break during shipping."); *see also White*, 2017 WL 3130333, at *7.  Therefore, Plaintiff has sufficiently pled that the slack-fill packaging is non-functional and Defendant's Motion should be denied.

## C. Plaintiff Satisfies the Pleading Requirements of Rule 9(b)

Defendant next argues that Plaintiff's allegations are not specific enough, and do not satisfy the pleading requirements of Rule 9(b), which "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105-06 (9th Cir. 2003). However, this burden is not as onerous as Defendant contends. Indeed, allegations of fraud or mistake need only be "specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Id. at* 1106; *Mollicone v. Universal Handicraft, Inc.,* No. 216CV07322CASMRWX, 2017 WL 440257, at *11 (C.D. Cal. Jan. 30, 2017).

With respect to the who and what, Plaintiff alleges that Defendant "intentionally package[es] its Annie's HOMEGROWN brand Cereal Products (the 'Products') in opaque containers that contain approximately 30%-50% empty space" and she "was surprised when she opened the item and saw that the package had **more than 50% empty space**, or slack-fill." (FAC ¶¶ 1, 3). With respect to when and where Plaintiff heard the representations, Plaintiff alleges that she "purchased Annie's Frosted Oat Flakes Cereal Product manufactured by Defendant in 2016 … at the Target located on 2901 Ming Avenue, Bakersfield, CA 93304" and that she "and the Class relied upon the size of the Products' packaging in making their purchases of the Products." (FAC ¶¶ 1, 3). With respect to the how, Plaintiff alleges that each of the Products' "containers (1) do not allow consumers to fully view its contents; and (2) contain nonfunctional slack-fill.  As such, the packaging is per se

-13-

illegal." (FAC ¶ 24). Thus, Plaintiff's allegations are particularly pled such that Rule 9(b) pleading requirements are satisfied. *See Escobar*, 2017 WL 5125740, at *13 (finding that the plaintiff's slack-fill allegations were pled with particularity).

**D. Plaintiff States a Claim Under the UCL "Unlawful" Prong**

Defendant argues that Plaintiff fails to state a claim under the UCL "unlawful" prong because there is no "predicate statutory violation." (Def's Mem. at 19:9-10). "To be 'unlawful' under the UCL, the advertisements must violate another 'borrowed' law." *Davis*, 691 F.3d at 1168 (citing *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180, 973 P.2d 527, 539–40 (1999) ("'[S]ection 17200 'borrows' violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable.") (citations omitted)). "[V]irtually any state, federal or local law can serve as the predicate for an action under section 17200." *Id*.

Here, Plaintiff alleges that Defendant's conduct is unlawful because it violates California Business & Professions Code § 12606.2. (FAC ¶ 64). Specifically, Plaintiff claims that Defendant violated California law "by packaging the Products in nonconforming type containers. Said non-conforming packages contained extra space by volume, in the interior of the container. The extra space provided no benefit to the contents of the packaging and misled consumers. In addition, Defendant packaged the Products in containers made, formed, or filled as to be misleading to a potential customer as to the actual size and filling of the package with Defendant's Products." (FAC ¶ 64). Further, Plaintiff has sufficiently alleged violations of the CFPLA, the FAL, and the CLRA. (FAC ¶¶ 47-78). Accordingly, Plaintiff's UCL "unlawful" claim should not be dismissed.

**E. Plaintiff Has Standing to Assert Claims for Each of the Products because the Products Are Substantially Similar**

Defendant next argues that Plaintiff lacks standing to assert claims based on Products that she never purchased. (Def's Mem. at 20-22). This argument fails

-14-

because Plaintiff establishes in the FAC that the unpurchased products are substantially similar to the Product purchased by Plaintiff. Further, "district courts in this circuit have diverged on the issue of whether a plaintiff has standing to bring claims on behalf of consumers who purchased similar, but not identical products." *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1005 (N.D. Cal. 2012); *see also Branca v. Nordstrom. Inc.*, No. 14-cv-2062-MMA-JMA, 2015 WL 10436858, at *4 (S.D. Cal. Oct. 9, 2015) (noting that "there is no controlling authority" on the question of whether a plaintiff has standing to allege claims under the FAL, CLRA, and UCL based on products he did not purchase).

> Some federal courts have held, as a matter of law, that a plaintiff lacks standing to assert such claims. Other courts have held that the standing inquiry is more appropriately resolved on a motion for class certification. The majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar.

*Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012). Other courts have concluded that the majority approach is to resolve the question on a motion for class certification. *See, e.g., Bruno v. Quten Research Inst., LLC*, 280 F.R.D. 524, 530 (C.D. Cal. 2011) ("The Court agrees with Plaintiff that treatises and the vast majority of persuasive authority indicate that Defendant's legal argument is flawed. District courts in California routinely hold that the issue of whether a class representative may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation.") (quotation marks omitted)). This Court should be persuaded by the line of authority concluding that a "[p]laintiff's ability to represent class members injured by similar products should be analyzed under Rule 23, not on a motion to dismiss." *Aguilar v. Boulder Brands, Inc.*, No. 12-cv-01862-BTM-BGS, 2013 WL 2481549, at *3 (S.D. Cal. June 10, 2013); *see also*

*Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 992 (E.D. Cal. 2012); *Allen v. Similasan Corp.*, No. 12-cv-0376-BTM-WMC, 2013 WL 2120825, at *4 (S.D. Cal. May 14, 2013); *Koh v. S.C. Johnson & Son, Inc.*, No. 09-cv-00927-RMW, 2010 WL 94265, at *3 (N.D. Cal. Jan. 6, 2010); *Mollicone*, 2017 WL 440257, at *8.

Moreover, Plaintiff has pleaded with sufficient particularity that the products she did not purchase are substantially similar to the product she did purchase, such that Plaintiff satisfies the heightened pleading requirement imposed for claims sounding in fraud. For example, Plaintiff alleges that all of the Products complained of in the FAC are all cereal products from the "Annie's HOMEGROWN brand." (FAC ¶ 1). Plaintiff claims that Defendant "intentionally package[d] its Annie's HOMEGROWN brand Cereal Products (the 'Products') in opaque containers that contain approximately 30%-50% empty space." (FAC ¶ 1). In addition, Plaintiff alleges that all of the Products "are, and at all relevant times were, sold in non-transparent containers" (FAC ¶ 21) and "[t]he containers (1) do not allow consumers to fully view its contents; and (2) contain nonfunctional slack-fill." (FAC ¶ 24). These allegations of substantial similarity are sufficient at the pleadings stage. *See, e.g.*, *Mollicone*, 2017 WL 440257, at *8; *Hendricks*, 30 F. Supp. 3d at 935; *Brown v. Hain Celestial Grp.*, 913 F. Supp. 2d 881, 892 (N.D. Cal. 2012).

Defendant argues that the Products are not substantially similar because they contain different ingredients or differ "in size, shape, and consistency." (Def.'s Mem. at 22). However, these facts do not matter because the gravamen of Plaintiff's complaint concerns the presence of illegal slack-fill in the Products' packaging and Plaintiff does not bring claims relating to the ingredients in the Products or claim that all Products share the exact sizing and shapes. Instead, Plaintiff alleges that each of the Products contain 30%-50% non-functional slack-fill. Therefore, Defendant's Motion to Dismiss should be denied.

*Jackson v. General Mills*, Case No. 3:18-cv-2634-LAB-BGS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

**F.  Plaintiff Has Standing to Seek Injunctive Relief**

Defendant next contends that Plaintiff lacks standing to seek injunctive relief. (Def.'s Mem. at 22-23).   However, the Ninth Circuit has recently rejected this argument in *Davidson v. Kimberly-Clark Corporation*, 873 F.3d 1103 (9th Cir. 2017). In *Davidson*, the Ninth Circuit considered "an open question in this circuit to what extent a previously deceived consumer who brings a false advertising claim can allege that her inability to rely on the advertising in the future is an injury sufficient to grant her Article III standing to seek injunctive relief." *Id*. at 1113. The Ninth Circuit "resolv[ed] this district court split in favor of plaintiffs seeking injunctive relief" and held "that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Id.* at 1115. Indeed, "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Id.*

Defendant argues that "Plaintiff must allege that she 'will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to.'" (Def.'s Mem. 23:4-6 (citations omitted)). However, in *Henderson v. Gruma Corp.*, No. 10-cv-04173-AHM-AJW, 2011 WL 1362188, at *6 (CD. Cal. Apr. 11, 2011), the court recognized that "Plaintiffs may not purchase the same [ ] products as they purchased during the class period, because they are now aware of the true content of the products[.]" Nonetheless, the court concluded that "to prevent [such plaintiffs] from bringing suit on behalf of a class in federal court would surely thwart the objective of California's consumer protection laws." *Id.* at *8; *see also Davidson*, 873 F.3d at 1113. The *Henderson* court reasoned:

> Defendant has not presented evidence or even alleged that it has removed its allegedly misleading advertising from its products. With

1
2
3

such advertising remaining on supermarket shelves, Plaintiffs, as representatives of a class, should be entitled to pursue injunctive relief on behalf of all consumers in order to protect consumers from Defendant's alleged false advertising.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

2011 WL 1362188, at *8. This Court should find the reasoning in *Henderson* persuasive. "[W]ere the Court to accept the suggestion that plaintiff['s] mere recognition of the alleged deception operates to defeat standing for an injunction, then injunctive relief would never be available in false advertising cases, a wholly unrealistic result." *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 533 (N.D. Cal. 2012); *see also Koehler v. Litehouse. Inc.*, No. 12-cv-04055-SI, 2012 WL 6217635, at *6 (N.D. Cal. Dec. 13, 2012) ("The Court agrees with *Henderson*. To do otherwise would eviscerate the intent of the California legislature in creating consumer protection statutes because it would effectively bar any consumer who avoids the offending product from seeking injunctive relief."); *Cabral v. Supple. LLC*, No. 12-cv-85-MWF, 2012 WL 4343867, at *2 (CD. Cal. Sept. 19, 2012) (finding *Henderson* persuasive and finding the Defendant's argument "premature at this stage of the litigation"); *Dean v. Colgate-Palmolive Co.*, No. 15-cv-0107-JGB, 2015 WL 3999313, at *8 (CD. Cal. June 17, 2015) (adopting the analysis set forth in *Henderson*); *Larsen v. Trader Joe's Co.*, No. 11-cv-05188 SI, 2012 WL 5458396, at *4 (N.D. Cal. June 14, 2012) (same); *Mollicone*, 2017 WL 440257, at *8 (same).

20
21
22
23
24
25
26
27
28

Here, Plaintiff alleges that her and the Class Members "will not purchase the Products in the future, *although they would like to do so*, unless and until Defendant takes corrective action." (FAC ¶ 31) (emphasis added). Thus, Plaintiff has sufficiently alleged a threat of a future injury. *Allred v. Kellogg Co.*, No. 17-CV-1354-AJB-BLM, 2018 WL 1158885, at *7 (S.D. Cal. Feb. 23, 2018) (plaintiffs "similarly pled future injury by stating 'Plaintiffs intend to, desire to, and will purchase the Product again when they can do so with the assurance that the Product's label ... is lawful and consistent with the Product's ingredients."). Accordingly, this Court should find that Plaintiff has standing to pursue injunctive relief.

## G. This Court Has Specific Personal Jurisdiction Over the Defendant and the Nationwide Class.

Defendant contends that the Court lacks personal jurisdiction with respect to a nationwide class. (Def's Mem. at 24). Defendant seems to concede, as it must, that the Court has specific personal jurisdiction over it with respect to California class members. (*Id*). Defendant instead argues, citing to *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017) ("*Bristol-Meyers*"), that the Court lacks specific personal jurisdiction for the claims of non-California residents. (Def's Mem at 24:10-14). However, *Bristol-Meyers* was a "mass-action" (i.e., a suit wherein many named plaintiffs sue together), rather than a class action. Thus, courts within the Ninth Circuit have found *Bristol-Meyers* to be inapplicable in the class action context. In *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc*., No. 17-CV-00564 NC, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017), the Court declined to extend the holding in *Bristol-Meyers Squibb* to consumer class actions.

Recently, Judge Houston of this District reached a similar conclusion:

> [T]he Court finds *Bristol-Myers* inapplicable to this suit which involves a class action. *Bristol-Myers* was a mass tort action and it determined the court's exercise of jurisdiction to hear claims by named non-resident plaintiffs. While the claims of the non-resident named plaintiffs were pertinent to the issue of specific jurisdiction in *Bristol-Myers*, "claims of unnamed class members are irrelevant to the question of specific jurisdiction." *AM Trust v. UBS AG*, 78 F.Supp.3d 977, 986 (N.D. Cal. 2015).

*In re Morning Song Bird Food Litig.*, No. 12CV01592 JAH-AGS, 2018 WL 1382746, at *5 (S.D. Cal. Mar. 19, 2018) (J. Houston).

Other Courts have agreed with this reasoning and have held that *Bristol-Myers* is not applicable to putative class actions. *See, e.g., Thompson v. Transamerica Life Ins. Co.*, No. 218CV05422CASGJSX, 2018 WL 6790561, at *6 (C.D. Cal. Dec. 26, 2018) (collecting authority)*; Casso's Wellness Store & Gym, L.L.C. v. Spectrum*

1  *Lab. Prods., Inc.*, Civ. No. 17-2161, 2018 WL 1377608 (E. D. La. Mar. 19, 2018)

2  ("The Court is not persuaded that *Bristol-Myers* bars this Court's exercise of specific

3  jurisdiction over Spectrum in the instant case").  Moreover, it would be premature

4  to decide this issue at the pleadings stage. *Weisheit v. Rosenberg & Assocs., LLC*,

5  No. CV JKB-17-0823, 2018 WL 1942196, at *5 (D. Md. Apr. 25, 2018) ("the Court

6  need not decide at this juncture what precisely the contours of a possible class will

7  be, or if the Court will certify a class at all. Simply put, [defendant] has raised its

8  *Bristol-Myers* argument too early."). For these reasons, the Court should decline to

9  dismiss Plaintiff's nationwide class claims for lack of personal jurisdiction.

## V.   **CONCLUSION**

For the reasons set forth herein, Plaintiff respectfully requests that the Court

deny Defendant's Motion to Dismiss in its entirety. If the Court dismisses any

portion of the complaint, then Plaintiff respectfully requests leave to amend.

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).


Dated: January 28, 2019                Respectfully Submitted,


                                       */s/ Ronald A. Marron*
                                       RONALD A. MARRON

                                       **LAW OFFICES OF RONALD A.**
                                       **MARRON**
                                       RONALD A. MARRON
                                       *ron@consumersadvocates.com*
                                       MICHAEL T. HOUCHIN
                                       *mike@consumersadvocates.com*
                                       LILACH HALPERIN
                                       *lilach@consumersadvocates.com*
                                       651 Arroyo Drive
                                       San Diego, California 92103
                                       Telephone:   (619) 696-9006
                                       Facsimile:   (619) 564-6665
                                       ***Counsel for Plaintiff and the Proposed***
                                       ***Class***

-20-